Ruffin, C. J.
 

 We think the judgment must be affirmed. The act of 1789, Rev. Stat. c. 53, s. 11, enacts, that the proceeds of sales made by a guardian of the estates of the wards, under an order of the court, “shall be considered as assets in the hands of the guardian for the benefit of the creditors, in like manner as assets in the hands of an administrator or executor, and the same proceedings may be had against such guardian with respect to the assets aforesaid, as might be had or taken against an executor or administrator in similar cases and we think this provision conclusive upon the question. It is said for the plaintiff, that under the act of 1784, the dignity of the debt does not determine the priority of satisfaction out of the land descended, but that the. creditor, who first gets a judgment, may proceed to an immediate sale; and it is hence inferred, that, when the land is sold by the guardian, the proceeds are to be applied in like manner, as there is no reason for changing the order of payment. But to that it is to be replied, that the act of 1784 in itself establishes no priority among the creditors, as against land descended, but simply renders it liable for all debts in a particular manner; and the priority results, by
 
 *503
 
 adjudication, from the fact, that the creditor obtains satisfaction by sale, and that the purchaser must be protected. It is not, in truth, the date of the several judgments against the executor or the heir, that determines the preferable right to satisfaction among the creditors ; but he, who gets the first specific lien by execution and a sale under it, entitles himself to the money.
 
 Blount
 
 v
 
 Ricks,
 
 4 Dev. 128. But when the land is turned into money by the guardian, a necessity arises, that, the law should, for his security and to prevent favoritism to creditors, prescribe some order for administering the fund ; and it has seemed good to the Legislature to adopt the common law dignity of debts, as known in the administration of personal assets. If the act does not mean that, we are unable to put any sensible interpretation upon its language ; and we see a necessity for some such provision. But the correctness of this construction is the more probable from a reference to that part of the act, sec. 16, which provides ior the case of a sale by an adult heir or de-visee himself; “in which case all creditors shall
 
 be preferred,
 
 as in actions against executors and administrators.”— These words, with the rest of the provision as it stood originally, are taken from the statute of fraudulent devises in England. 3 and 4 W. and M., ch. 14, of which it is the settled construction, that the dignity of debts, as due by judgments or specialties, is to be observed. The same meaning must be put on that part of our act, of which the meaning, indeed, cannot bo mistaken, since there can be no other
 
 preference,
 
 In the like sense we are obliged to understand similar language in another part of the act, providing for the application, among creditors, of the proceeds of land sold by the guardian of an infant heir or devisee.
 

 Per Curiam. Judgment affirmed.